IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-97,<br><br>    Defendants.<br>_____/ | No. C 11-3067 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND SEVERING DEFENDANTS DOES 2-97<br>(Docket No. 12) |

Plaintiff AF Holdings, LLC moves the Court for leave to file an amended complaint. No Defendants have yet been served, and no opposition has been filed to Plaintiff's motion. Having considered the papers filed by Plaintiff, the Court denies Plaintiff's motion to amend and severs and dismisses without prejudice Plaintiff's claims against Does 2 through 97, for the reasons set forth below.

BACKGROUND

On June 21, 2011, Plaintiff, a limited liability company based in the Federation of Saint Kitts and Nevis, filed a complaint alleging that Does 1-97 (Doe Defendants), each identified by IP addresses purportedly located in California, illegally downloaded and distributed an adult video, copyrighted by Plaintiff, by way of the internet peer-to-peer (P2P) file-sharing protocol, BitTorrent.

Plaintiff filed a motion for leave to take expedited discovery on June 23, 2011 in order to unearth the identities of Doe Defendants in this action. In its motion, which was heard by

a Magistrate Judge, Plaintiff sought to differentiate BitTorrent technology from older forms of P2P transfer. In the past, courts have refused to allow plaintiffs to join numerous defendants, who are alleged to have downloaded and distributed the same copyrighted file through P2P programs, in a single action for copyright infringement. As Plaintiff explained in its motion, in contrast to most earlier means of file sharing which relied on file transfers from one single user to another single user, "BitTorrent can link up to hundreds of users. . . to distribute data." Order Granting Pl.'s Ex Parte Appl. for Leave to Take Expedited Disc. in Part 4-5 (citing Pl.'s Ex Parte Appl. for Leave to Take Expedited Disc. 10, 13, 14). According to Plaintiff, BitTorrent operates in the following manner:

> First, the protocol breaks a single large file into a series of smaller distributable pieces. Then, an initial file-provider (the "seeder") intentionally elects to distribute the pieces to third parties. . . Other users ("peers") on the network download a small "torrent" file. . . the software follows the directions in the torrent file to connect to the seeder. When peers connect to the seeder, they download random pieces of the file being seeded. When a piece download is complete, the peers automatically become seeders with respect to the downloaded pieces. In other words, each peer in a swarm transforms from a pure downloader. . . to a peer that is simultaneously downloading and distributing pieces of a file.

Id. at 5-6 (quoting Pl.'s Ex Parte Appl. for Leave to Take Expedited Disc. 16). Individuals who are seeding and/or downloading a particular file are collectively called a "swarm." Id. at 6.

After the hearing, the Magistrate Judge issued an order granting the discovery request as to Doe 1 but denying it as to

the remaining Does on the grounds that the complaint would be dismissed for misjoinder.  Order Granting Pl.'s Ex Parte Appl. for Leave to Take Expedited Disc. in Part 3-4.  The Magistrate Judge explained that Plaintiff had failed to meet the requirement for permissive joinder contained in Rule 20(a)(2)(A) of the Federal Rules of Civil Procedure, which requires that the right to relief asserted against multiple defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences." Id. at 4-7. (quoting Fed. R. Civ. P. 20(a)(2)).  Plaintiff failed to account for the fact that different versions of a particular work could exist on BitTorrent.  This would result in the creation of different swarms.  Thus, the fact that Doe Defendants may have downloaded the same copyrighted work did not mean that they were in the same swarm.  The Magistrate Judge held that Plaintiff did not sufficiently plead that Doe Defendants had acted together to obtain the work in the same "transaction, occurrence, or series of transactions or occurrences." Id. at 6-7.  Because the Magistrate Judge refused discovery as to Doe Defendants other than Doe 1 on this ground, the Magistrate Judge did not address other issues surrounding joinder. Id. at 7 n.2.  The Magistrate Judge granted Plaintiff leave to "renew the [discovery] request with respect to Defendant Does 2-97 after a determination by the District Judge that Defendant Does 2-97 are properly joined." Id. at 1.

   Plaintiff has now moved this Court for leave to file its first amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in order to fortify the joinder allegations found insufficient by the Magistrate Judge.

3

STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F. 3d 1051, 1055 n.3 (9th Cir. 2009). Although these five factors are generally all considered, "futility of amendment alone can justify the denial of a motion." Id. at 1055.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by the severance." See Coughlin v. Rogers, 130 F. 3d 1348, 1351 (9th Cir. 1997); Fed. R. Civ. P. 21. Rule 20 is construed liberally "in order to promote trial convenience and to expedite the final determination of disputes." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F. 2d 914, 917 (9th Cir. 1977).

DISCUSSION

Plaintiff contends that its Amended Complaint makes clear that it is aimed only at ninety-seven Doe Defendants who "took

4

intentional, concerted action to enter [a single and uniquely identified] torrent swarm. . . and unlawfully download [Plaintiff's copyrighted work] amongst each other." Mot. for Leave to File Am. Compl. 5. Plaintiff states, "The Defendants were collectively engaged in the conspiracy even if they were not engaged in the swarm contemporaneously because they all took concerted action that contributed to the chain of data distribution." Proposed Am. Compl. 4 ¶ 10.

However, even though Plaintiff has alleged that Doe Defendants entered into the same swarm and were downloading the same seed file, Plaintiff has not alleged that any of the ninety-seven Doe Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. See, e.g., MCGIP, LLC v. Does 1-149, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal.) (Beeler, Mag. J.) (finding misjoinder where the plaintiff "has failed to show that any of the 149 Doe defendants actually exchanged any piece of the seed file with one another"); Openmind Solutions, Inc. v. Does 1-39, 2011 U.S. Dist. LEXIS 94356, at *15, 16 n.4 (N.D. Cal.) (James, C. Mag. J.) (finding misjoinder where plaintiff did not allege that defendants were part of the same swarm, and stating that, even if defendants were part of the same swarm, "the Court queries how likely it is that a Defendant entering a swarm on June 29 obtained any piece of a [particular] file from a Defendant who entered the swarm on May 12"); Boy Racer v. Does 2-52, 2011 U.S. Dist. LEXIS 86746, at *4 (N.D. Cal.) (Grewal, Mag. J.) (finding misjoinder where "Plaintiff [did] not plead facts showing that any particular defendant

5

illegally shared plaintiff's work with any other particular defendant").

Here, the activity alleged includes ninety-seven defendants, eleven different Internet Service Providers, and a week and a half of activity. See Compl., Ex. A 13-15. While Plaintiff provides the precise date, hour, minute and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, Plaintiff does not indicate how long each Doe Defendant was in the swarm or if any Doe Defendants were part of the swarm contemporaneously. Plaintiff also does not allege that any Doe Defendants ever interacted with each other in this chain, or if each Doe Defendant interacted with other, unnamed peers in the swarm, which Plaintiff states "can reach into the tens of thousands of unique peers." Proposed Am. Compl. 7 ¶ 21. Given the size of swarms that Plaintiff alleges may occur, it is plausible, or even likely, that the named Doe Defendants never interacted with each other, even through several other intermediaries. See Hard Drive Productions, Inc. v. Does 1-188, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal.) (Spero, Mag. J.) ("Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any other of the potentially thousands who participated in a given swarm.") (emphasis in original).

Further, Plaintiff has not provided any reason to believe that Doe Defendants knew or understood that the BitTorrent software they used differed from other forms of P2P software and that this download might involve conspiring with a large number of other individuals rather than simply downloading a file from a

6

single source as in earlier technologies. Because Plaintiff has not alleged that Doe Defendants acted in concert with one another, or that they intentionally or knowingly did so, to download illegally the copyrighted work at issue here, joinder is inappropriate. See MCGIP, 2011 U.S. Dist. LEXIS 108109, at *8; Boy Racer, 2011 U.S. Dist. LEXIS 86746, at *4; Hard Drive Productions, 2011 U.S. Dist. LEXIS 94319, at *7-14.

Plaintiff also argues that administrative efficiency weighs in favor of joinder in this case. However, even if the requirements set forth in Federal Rule of Civil Procedure 20(a)(2) were met, the Court would nevertheless sever the additional defendants from the instant action. Allowing joinder in this case would involve ninety-six additional defendants, each potentially proceeding with counsel or pro se, and ten additional ISPs, who may also participate in the case. The Court is persuaded by the reasoning of other judges in the Northern District of California, who have found that permitting joinder in similar cases would undermine Rule 20(a)'s purpose of judicial economy and trial convenience. See, e.g., Hard Drive Productions, 2011 U.S. Dist. LEXIS 94319, at *40-42 (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials); Boy Racer, 2011 U.S. Dist. LEXIS 86746, at *9-10 (pointing out that "each defendant also will likely have a different defense," such as that the owner of the account associated with the IP address may not actually be the illegal downloader).

CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for leave to file an amended complaint and SEVERS and DISMISSES without prejudice Plaintiff's claims against Does 2 through 97 based on misjoinder. If Plaintiff files new complaints against these Defendants within twenty-one days, those actions will be deemed a continuation of the original action for purposes of the statute of limitations. Plaintiff's action against Doe 1 may go forward.

IT IS SO ORDERED.

Dated: 11/1/2011

CLAUDIA WILKEN
United States District Judge