Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, ) | **No. C-11-03067 CW** |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S CASE MANAGEMENT** |
| v. ) | **CONFERENCE STATEMENT** |
| ) | |
| DOE 1, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal

---

[1] Plaintiff files its Case Management Conference Statement ever cognizant of the District's L.R. requiring a Joint Case Management Conference Statement. However, as will be explained below, Plaintiff made this filing on its own because Plaintiff is the only party to this case at the present time. As such, Plaintiff files Plaintiff's Case Management Conference Statement without the participation of another party.

question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As Doe Defendant(s) has not been identified or served, he or she (or they) has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant(s) either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP addresses of Doe Defendant(s) to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, it has been determined that the Subscriber identified with Internet Protocol ("IP") address 108.0.221.94 may not be the infringer. Through multiple recent discussions with Subscriber's attorney, and further investigations, Plaintiff's attorney believes that the true infringer(s) could have been one (or more) of three males that the Subscriber had rented out her property to and resided in this residence on or about April 8, 2011, and, apparently, were given direct access to her Internet connection. Plaintiff's attorney is in the process of working out a settlement with the Subscriber 's attorney that will require the Subscriber to submit to Plaintiff a declaration of the identifying the individuals living at that location during the above-specified time period (hereinafter "Doe Suspects"), and to give Plaintiff any further relevant information known to her about the Doe Suspects.

///

///

///

**2. Facts:**

Plaintiff is a producer and copyright holder of certain adult entertainment content. Doe Defendant(s) is an alleged copyright infringer. Subscriber is the account holder of IP address 108.0.221.94.

Certain facts in this case, including the following, are undisputed at this time. Doe Defendant(s), without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant(s) operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's(s') actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant(s) by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. While these were not the only times of Doe Defendant's(s') infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Complaint. (ECF No. 1 at 13-15). Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant(s) unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant(s) was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that at least one of the Doe Suspects using above-referenced IP addresses unlawfully upload and downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. The pending question at this stage in the litigation

is: Who is (are) the infringer(s) who used IP address 108.0.221.94 to unlawfully upload/download Plaintiff's video.  Plaintiff will get a better idea of this once it (1) finalizes the settlement with the Subscriber, and (2) obtains the Subscriber's sworn declaration attesting to the identities of the Doe Suspects that were living at her property during the time of the infringement.

**3. Legal Issues:**

Plaintiff states a *prima facie* case for copyright infringement.

**4. Motions:**

On June 24, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On July 20, 2011, the Court granted that Application in part, severing all Doe Defendants, and leaving only one remaining Doe in this action (ECF No. 11).

On September 7, 2011, Plaintiff filed a Motion to Amend the Complaint. (ECF No. 12.) Plaintiff also filed a Motion to Shorten Time on its Motion to Amend that same day. (ECF No. 13.) The Court denied Plaintiff's Motion to Amend on November 1, 2011. (ECF No. 18.)

On September 7, 2011, Plaintiff filed a Motion for Administrative Relief for Leave to Continue the Initial Case Management Conference, and, most recently, filed another similar Motion. (ECF Nos. 14, 22.)  The Court granted Plaintiff's requests. (ECF Nos. [no docket numbers].)

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's(s') infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant(s) is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

///

///

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. Discovery:**

As discussed previously, Plaintiff is currently in settlement negotiations with the Subscriber. Plaintiff expects that the settlement will provide Plaintiff with names, and contact information, of the Doe Suspects who likely used Subscriber's IP address to unlawfully upload/download Plaintiff's copyrighted. Once Plaintiff gets this information, it will conduct its own investigation to identify and hopefully name the actual infringer(s) in this case. Until Plaintiff receives a declaration from the Subscriber to this effect, however, Plaintiff cannot guess as to its content. In other words, Plaintiff's next move entirely depends on whether Plaintiff receives that declaration from the Subscriber, and, is so, what the declaration contains. At this point, therefore, Plaintiff cannot foresee anything beyond waiting for the Subscriber's declaration.

Should the declaration name the Doe Suspects, and allow Plaintiff to contact those individuals, Plaintiff will of course do so. Further, while impossible to judge at this juncture, Plaintiff may apply to the Court for a Court-authorized deposition of one (or all) of these individuals with the primary goal of identifying the Doe Defendant remaining in this case. But, again, considering the requisite declaration from the Subscriber does not exist at this time, Plaintiff only guesses as to what may be necessary discovery in the future of this case.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant(s) infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2)

That the Court enter a written judgment declaring that Doe Defendant(s) has injured the business reputation and business of Plaintiff by Defendants'(s') acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant(s), enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant(s) to destroy all copies of those unlawfully copyrighted files in Doe Defendant's(s') possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant(s) for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

There are no counterclaims.

**12. <u>Settlement and ADR</u>:**

Plaintiff does not believe this case should go to trial, and is fully willing and able to participate in settlement discussions once the necessary individuals are identified.

**13. <u>Consent to Magistrate Judge For All Purposes</u>:**

Not applicable.

**14. <u>Other References</u>:**

None that Plaintiff can identify at this time.

**15. <u>Narrowing of Issues</u>:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. <u>Expedited Schedule</u>:**

Plaintiff has no objection to this case being handled in an expedited manner. However, it also understands that it will take more time to identify the Doe Suspects, and ultimately identify, and name, the infringer in this case.

///

**17. <u>Scheduling</u>:**

Without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its discovery) any schedule would be impossible to map out at this point.

**18. <u>Trial</u>:**

Again, at this point, without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. <u>Other Matters</u>:**

Not applicable.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: January 4, 2012**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.